# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

THE LINCOLN NATIONAL LIFE
INSURANCE COMPANY,

    Plaintiff,

v.                                               Case No. 3:25-cv-811-MMH-PDB

DIANE T. RODGERS, TAYLOR J.
RICKETTS, and UNKNOWN
CHILDREN OF DAVID T.
RICKETTS,

    Defendants.

## ORDER

**THIS CAUSE** is before the Court sua sponte. On July 17, 2025, Plaintiff initiated the instant action by filing a Complaint for Interpleader. See (Doc. 1; Complaint). In the Complaint, Plaintiff alleges that the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1335. See Complaint ¶ 8. Under § 1335, the Court is authorized to exercise jurisdiction over a statutory interpleader action if: (1) the money or property in the plaintiff's possession is valued at $500 or more; (2) two or more adverse claimants of diverse citizenship have claims or potential claims for the money or property in controversy; and (3) the plaintiff deposits the money or property in controversy into the registry of the Court, or gives a bond payable to the Clerk in the amount of such money or property. See

28 U.S.C. § 1335; see also John Alden Life Ins. Co. v. Vanlandingham, No. 5:04-cv-538-OC-10GRJ, 2006 WL 1529047, at *3 (M.D. Fla. May 30, 2006).

Here, according to the allegations in Plaintiff's Complaint, the amount in controversy is $100,000, the value of the insurance policy in dispute. See Complaint ¶¶ 12, 23. Minimal diversity exists because one of the named adverse claimants is alleged to be a citizen of Florida while the other is alleged to be a citizen of Georgia. See Complaint ¶¶ 3, 4.[1] However, the third requirement, that of depositing the disputed policy proceeds in the Court registry or posting a bond with the Clerk of the Court, has not been met. Plaintiff is aware of the need to satisfy this requirement, noting in the Complaint that it "will deposit into the registry of the Court the Policy Benefit upon issuance of an order authorizing such payment pursuant to Rule 67 of the Federal Rules of Civil Procedure." Complaint ¶ 39.

For the Court to have jurisdiction over this interpleader action, brought pursuant to 28 U.S.C. § 1335, the policy proceeds must be deposited to the registry of the Court or Plaintiff must post a bond with the Clerk of the Court. See Murphy v. Travelers Ins. Co., 534 F.2d 1155, 1159 (5th Cir. 1976).[2] Thus,

---

[1] 28 U.S.C. § 1335 requires only minimal diversity. State Farm Fire & Cas. Co. v. Tashire, 386 U.S. 523, 530 (1967). Therefore, the fact that there may be additional unknown potential claimants does not affect the Court's jurisdiction.

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

to cure this jurisdictional defect, and in consideration of Plaintiff's stated intention, Plaintiff will be directed to deposit the proceeds from Life Insurance Policy Number EXBM28129, <u>see</u> Complaint ¶ 12, plus accrued interest, into the registry of the Court on or before August 25, 2025, and to file a Notice with the Court that it has done so.

Accordingly, it is hereby

**ORDERED**:

Plaintiff shall **DEPOSIT** the proceeds, and any accrued interest, from Life Insurance Policy Number EXBM28129, <u>see</u> Complaint ¶ 12, into the registry of the Court in an interest bearing account on or before **August 25, 2025**, and shall promptly file a Notice with the Court advising that it has done so. If Plaintiff fails to deposit the disputed insurance proceeds (or submit to the Court a bond payable to the Clerk in the amount of such money), then the case will be dismissed without prejudice for lack of subject matter jurisdiction.

**DONE AND ORDERED** at Jacksonville, Florida, this 13th day of August, 2025.

*[signature: Marcia Morales Howard]*

MARCIA MORALES HOWARD
United States District Judge

i64/lc33

Copies to:
Counsel of Record